IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JASON COBB,

    Plaintiff,

v.

DON ADAMS, et al.,

    Defendants.
_____/

No. C 13-04917 JSW

**ORDER REFERRING MOTION TO DISQUALIFY TO RANDOMLY ASSIGNED JUDGE, AND VACATING HEARINGS PENDING RULING**

**(Docket No. 42)**

Now before the Court for consideration is the motion to disqualify the undersigned Judge, filed by Plaintiff Jason Cobb ("Mr. Cobb").[1] Mr. Cobb moves to disqualify pursuant to 28 U.S.C. section 144, which provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

Pursuant to Section 144, the judge assigned to the case may pass on the legal sufficiency of the motion and only after legal sufficiency is established does it become the duty of that

---

[1] None of the defendants who have appeared have filed a response or opposition to the motion within the time permitted under the Northern District Civil Local Rules.

United States District Court
For the Northern District of California

judge to proceed no further. *See United States v. Azhocar*, 581 F.2d 735, 738 (9th Cir. 1978). The inquiry is addressed to the facial sufficiency of the affidavit and not to the truth or falsity of the facts therein. *See United States v. Montecalvo*, 545 F.2d 684, 685 (9th Cir. 1976).

Mr. Cobb also moves to disqualify pursuant to 28 U.S.C. section 455, which provides that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Section 455 imposes an affirmative duty upon judges to recuse themselves when "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Yagman v. Republic Ins.*, 987 F.2d 622, 626 (9th Cir. 1993). The provisions of Section 455 "require recusal only if the bias or prejudice stem from an extrajudicial source and not from conduct or rulings made during the course of the proceeding." *Toth v. Trans World Airlines*, Inc., 862 F.2d 1381, 1388 (9th Cir. 1988). Indeed,

> [j]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion. ... [O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible.

*Liteky v. United States*, 510 U.S. 540, 555 (1994); *see Leslie v. Grupo ICA*, 198 F.3d 1152, 1160 (9th Cir. 1999) (citing numerous cases for the same proposition).

The Court has carefully considered Mr. Cobb's motion and much of his argument is directed to this Court's legal rulings during the course of two prior proceedings. However, Mr. Cobb also suggests that this Court has treated parties that are represented by counsel more favorably than *pro se* litigants. (*See* Declaration of Jason Cobb, ¶¶ 16, 23.) Therefore, out of an abundance of caution, the Court HEREBY REFERS Mr. Cobb's motion to disqualify to a randomly assigned judge for resolution. *See* N.D. Civ. L.R. 3-15.

The Court VACATES the hearing set for February 21, 2014 on this motion, and it HEREBY VACATES the hearings scheduled for March 7, 2014, pending resolution of the motion to disqualify.

//

//

This Order does not alter the briefing schedule that was triggered by the motion to dismiss filed by the County of San Mateo.

**IT IS SO ORDERED.**

Dated: February 3, 2014

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

cc: Intake